THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Theodore L. Brown, III,       
Appellant.
 
 
 

Appeal From Clarendon County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2004-UP-201
Heard March 11, 2004  Filed March 24, 
 2004

AFFIRMED

 
 
 
Steven Smith McKenzie, of Manning, for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor 
 Cecil Kelley Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Theodore L. Brown, III was 
 convicted of possession of marijuana with intent to distribute after police 
 discovered the drugs during a traffic stop.  Brown appeals, contending the drugs 
 were found after the completion of the original stop and thus pursuant to an 
 illegal detention under State v. Williams, 351 S.C. 591, 571 S.E.2d 703 
 (Ct. App. 2002), cert. denied (June 27, 2003).  We affirm.  
BACKGROUND
Lance Corporal Richard Ray of the South Carolina 
 Highway Patrol stopped a van traveling south on Interstate 95 for weaving.  
 As Officer Ray approached the van, he noticed Brown asleep or reclining in the 
 rear of the vehicle.  After exiting the van at Rays request, the vans driver, 
 Milton Butler, explained he had been driving for twenty hours and was tired.  
 The officer issued the driver a warning citation for weaving.  
As Butler turned to leave, the officer asked if 
 he could ask a few more questions.  He asked if there was anything illegal in 
 the vehicle, and Brown said no.  Ray continued to ask the driver questions, 
 telling him that he was not being accused of having any illegal items, but 
 if he did have anything illegal, such as alcohol or any marijuana, less than 
 an ounce, he could be given a ticket and released if he was honest.  
After some discussion, Butler admitted there were 
 drugs in the van.  Ray then read Butler his Miranda 
 [1] rights and Butler stated there was maybe a quarter of an ounce of marijuana 
 in the van.  Ray then called Lance Corporal King to the scene.  Butler again 
 admitted there was marijuana in the van.  Another officer arrived and Brown 
 was asked to exit the vehicle.  
When King arrived, he circled the vehicle with 
 a drug dog several times.  He then entered the van with the dog and discovered 
 1.57 pounds of marijuana under bedding in the rear of the van.  
Brown was found guilty of possession of marijuana 
 with intent to distribute following a jury trial.  
DISCUSSION
Brown argues he and the driver 
 were unlawfully detained when the officer continued to ask questions after issuing 
 the warning citation.  Thus he argues the marijuana was discovered during an 
 unlawful seizure of his person and the court should have suppressed it.  This 
 issue is not preserved.
Although Brown moved to suppress the drugs 
 prior to the swearing of the jury, a motion the court denied after a hearing, 
 he failed to contemporaneously object when the marijuana or drug analysis were 
 admitted into evidence.  Because this evidence was admitted during the testimony 
 of the States second and third witnesses, his failure to renew his motion precludes 
 appellate review of the courts ruling.  State v. King, 349 S.C. 142, 
 149-50, 561 S.E.2d 640, 643-44 (Ct. App. 2002) (holding an in limine motion 
 to suppress drugs must be renewed at the time the drugs are admitted into evidence 
 where the courts ruling was not obtained immediately prior to the admission); 
 see also State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 
 840 (2001) (holding ordinarily an evidentiary ruling in limine is not final 
 and an objection contemporaneous with the evidences admission is required to 
 preserve the issue for appeal).
AFFIRMED.
HUFF and STILWELL, JJ., and
CURETON, A.J., concur.

 
 
 [1]         Miranda v. Arizona, 384 U.S. 436 (1966).